# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2011

No. 11-50202
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ADRIAN CAMPOS-MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2330-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges

PER CURIAM:[*]

Victor Adrian Campos-Morales (Campos) appeals the 41-month sentence imposed following his guilty plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is unreasonable as measured by the factors identified in 18 U.S.C. § 3553(a). He contends that the guidelines range of 41 to 51 months is excessive because it resulted in an unwarranted disparity between defendants like him, who cannot avail themselves of a "fast-track" program, and other defendants. He further contends that the conditions he faces

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in prison as an alien and his unique concern for his family's safety called for a variance from the guidelines range.

When the district court imposes sentence within a properly calculated guidelines range, giving proper weight to the Sentencing Guidelines and the § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), Campos asserts that the presumption of reasonableness should not apply, but, as he concedes, his argument is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

To the extent that Campos argues that the lack of a "fast-track" program creates an unwarranted sentencing disparity, as he concedes, that issue also is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008). Campos's disagreement with the district court's weighing of the § 3553(a) factors and the appropriateness of his within-guidelines sentence does not suffice to show error in connection with his sentence. *See Gomez-Herrera*, 523 F.3d at 565-66. Campos has not shown that his sentence is unreasonable, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554-55. Campos has not shown that the district court abused its discretion under *Gall v. United States*, 552 U.S. 38, 49-51 (2007), and thus has shown no error, plain or otherwise. Accordingly, the judgment of the district court is AFFIRMED.